E-FILED
Friday, 10 April, 2026  10:57:11 AM
Clerk, U.S. District Court, ILCD

## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
## SPRINGFIELD DIVISION

| | | |
|---|---|---|
| RACHEL DIXON, <br>     Plaintiff, | ) <br> ) <br> ) | |
| v. | ) <br> ) | Case No. 26-cv-3104 |
| JENNIFER GERLING, et al., <br>     Defendants. | ) <br> ) <br> ) | |

## OPINION

**COLLEEN R. LAWLESS, United States District Judge:**

Rachel Dixon, proceeding *pro se*, filed a complaint (Doc. 2) against various defendants alleging violations of her civil rights under 42 U.S.C. § 1983 and *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). She does not assert any particular federal constitutional or statutory right violated by defendants. The Court reviews the Complaint for merit under 28 U.S.C. § 1915(e)(2) based on Plaintiff's Application to Proceed in District Court without Prepaying Fees and Costs. (Doc. 4).

I.      **DISCUSSION**

A. *In Forma Pauperis* **Petition**

Plaintiff requests to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a)(1). She submitted an affidavit signed under penalty of perjury that demonstrates she is unable to pay the costs of proceeding in this action. Accordingly, Plaintiff's request to proceed *in forma pauperis* is granted.

## B. Legal Standard

A court may dismiss any claim that "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)–(iii). When determining whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii), the standard under Federal Rule of Civil Procedure 12(b)(6) applies. *Coleman v. Lab & Indus. Rev. Comm'n of Wis.*, 860 F.3d 461, 468 (7th Cir. 2017). Applying that standard, the court accepts a complaint's factual allegations as true and liberally construes them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient to state a claim. *See id.* at 651–52. "[A] complaint must contain facts that are sufficient, when accepted as true, to 'state a claim to relief that is plausible on its face.'" *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Roake v. Forest Preserve Dist. of Cook Cnty.*, 849 F.3d 342, 346 (7th Cir. 2017) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

## C. Analysis

Plaintiff has failed to allege sufficient factual content to state any plausible claim to relief. *Iqbal*, 556 U.S. at 678; 28 U.S.C. § 1915(e)(2)(B)(ii). Plaintiff's factual allegations largely consist of the following:

> I was pulled over for hitting a fence, when there was no fence in Motgomery [*sic*] County for turning around in a driveway! Courthouse corruption, my

> Judge Chris Matoush is conflict of interest, and bias. And I can prove that cops follow my location to pull me over for anything to keep me going to court for fines through maliciousness for Christian County, Montgomery. . . . On 6/21/24 I was in a car accident, and they say it was my fault, when I can prove people follow me, cops follow me, I see one every where I turn, I have suffered lots of pain and suffering from malicious misconduct, harrasement [*sic*].

(Doc. 2). These allegations fail to tell a story that holds together, *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010), and lack the necessary detail to state any cognizable claim for relief, *Twombly*, 550 U.S. at 555.[1] The Complaint merely "tenders naked assertions devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678 (internal quotation marks omitted and cleaned up). Therefore, dismissal is warranted.[2] 28 U.S.C. § 1915(e)(2)(B)(ii).

## II.     CONCLUSION

For the reasons stated herein, the Petition for Leave to Proceed *In Forma Pauperis* (Doc. 4) is GRANTED. Plaintiff's Complaint (Doc. 2) is Dismissed without Prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii). The Court grants Plaintiff leave to file an amended complaint within 21 days from the entry of this Order. Failure to file an amended complaint within that time may result in dismissal of this case with prejudice.

---

[1] Furthermore, it is unclear how Defendants Jennifer Gerling, Dr. Killian & Associates, and "Medicaid Dr's." fit into the principal allegations, notwithstanding the assertion that Plaintiff has suffered "intentional emotional distress from trying to get help for the last 1 year and I get no where except copies from Dr. papers that look very malicious and weird." (Doc. 2 at 5).

[2] The Court's ruling that the Complaint fails to state a plausible claim for relief does not foreclose any future finding that the action "is frivolous or malicious" or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i), (iii).

ENTER: 4/10/2026

COLLEEN R. LAWLESS
UNITED STATES DISTRICT JUDGE